DOMENGEAUX, Judge.
The defendant herein, Patsy Huddleston, was indicted for the crime of second degree murder, convicted of manslaughter, and sentenced to seven years imprisonment at hard labor without the benefit of probation, parole, suspension of sentence, or credit for good time. The defendant timely perfected this appeal and specified six assignments of error. However, because the defendant failed to file an appeal brief, her six assignments are considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982). Therefore, this case is before us subject only to review for errors patent on the face of the record.
On July 21, 1983, the defendant shot and killed her husband. The defendant was charged with second degree murder by a grand jury indictment dated September 8, 1983. The indictment was signed by the “Foreman of the Grand Jury” and appeared to be in proper form. On October 13, 1983, the defendant waived the reading of the bill of indictment, entered a plea of not guilty to the charge, and requested a trial by jury. The minutes of the court reflect that the defendant was present at all preliminary matters, at all times during *1312 trial, and at the time judgment was rendered.
Article 782 of the Code of Criminal Procedure provides that a person charged with second degree murder be tried by a jury of twelve, ten of whom must concur to reach a verdict of guilty. The defendant was tried by a twelve person jury. Ten of those jury members agreed to a verdict of guilty of manslaughter and two jury members disagreed with that verdict. A verdict of guilty of manslaughter is responsive to the charge of second degree murder. C.Cr.P. Art. 814.
On March 1, 1984, after the trial court denied the defendant’s motions for a post-verdict judgment of acquittal and new trial, the defendant waived delays in sentencing. In sentencing the defendant, the trial court considered all of the applicable statutes. La.R.S. 14:31 requires that “whoever commits the crime of manslaughter shall be imprisoned at hard labor for not more than twenty-one years.” However, La.C.Cr.P. Art. 893.1 provides that if a firearm was used in the commission of a felony, and if the maximum penalty for the felony is five years or more, the court shall impose a penalty of not less than five years without the benefit of probation, parole, or suspension of sentence. Pursuant to these two statutes, the defendant was sentenced to serve five years at hard labor in the custody of the Louisiana Department of Corrections without the benefit of probation, parole, or suspension of sentence. Pursuant to La.R.S. 14:95.2, which provides for an enhanced sentence where a defendant is found guilty of using a firearm while committing manslaughter, two additional years to be served at hard labor without the benefit of good time, probation, parole, or suspension of sentence were added to the above sentence. Therefore, the defendant’s total sentence, seven years at hard labor without the benefit of probation, parole, or suspension of sentence, with two of those years without the benefit of good time, is not erroneous.
Finally, there is no question herein as to the constitutionality of the statutes applicable to the case.
As the above review of the record shows, there is no error of the trial court patent on the face of the record. For the above and foregoing reasons, the judgment and sentence of the district court are affirmed.
AFFIRMED.